**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02314-RPM-MEH

NETFRONTS, INC., A UTAH CORPORATION, A RESIDENT OF COLORADO

    Plaintiff(s)

v.

WEBUY HOSTS, INC., A WASHINTON CORPORATION, AND
NATHAN OULMAN

    Defendant(s)/Third-Party Plaintiff

CHRIS MARKS, A RESIDENT OF COLORADO

    Third-Party Defendant

___

**DEFENDANT WEBUY HOSTS, INC. AND NATHAN OULMAN'S SUR-REPLY TO PLAINTIFF'S REPLY BRIEF**
___

    Defendants WeBuy Hosts, Inc. and Nathan Oulman's ("Defendants") Sur-Reply.

    1.    Defendants address the two new documents attached to Plaintiff's Reply. In an attempt at misdirection and misinformation, Plaintiff attached a December 21, 2013 settlement communication in the form of an email from undersigned counsel. (Exhibit A to Plaintiff's Reply) As the Court knows from prior motions, the parties engaged in settlement discussions for several months prior to 2014.

    2.    As part of those discussions, Defendants explained their poor financial condition to Plaintiff. Due to Defendants' financial condition, Defendants made the decision to make a settlement offer to voluntarily dismiss the counterclaims against Plaintiff.

3. The settlement offer, however, has no reflection on the substantive merits of Defendants' counterclaim. Instead, the settlement offer was an attempt to reduce the expenditure of resources. Unfortunately, Plaintiff delayed in responding to Defendants. Consequently, Defendants had to respond to the Motion to Dismiss, which forced Defendants to incur the attendant costs.

4. As Plaintiff failed to respond in a timely manner, Defendants had to incur the costs associated with responding to the motion to dismiss. Consequently, Defendants no longer have an incentive to dismiss the counterclaims and Defendants intend to pursue those counterclaims against Plaintiff. Thus, Plaintiff was disingenuous in not explaining this background to the Court and in submitting evidence barred by Federal Rule of Evidence 408.

5. In the Reply, Plaintiff now attaches a more extensive APA that contains previously missing pages, Exhibit B to Plaintiff's Reply. Contrary to Plaintiff's argument, the parol evidence rule does not bar the introduction of extrinsic evidence to explain the circumstances and intent of the parties.

6. "Specifically, under Colorado law, extrinsic evidence may be relied upon in two different forms. First, a court can look to extrinsic evidence that may reveal ambiguities by conditionally admitting evidence for the purposes of determining an ambiguity. Second, extrinsic evidence may be examined if a document is ambiguous on its face— i.e., extrinsic evidence is required to ascertain the intent, expectations of the parties and the circumstances that surrounded the formation of the contracts." Stroh Ranch Development, LLC v. Cherry Creek South Metropolitan Dist. No. 2, 935 F.Supp.2d 1052, 1060 (D. Colo. 2013).

7. As presented in Defendants' Reply, Mr. Oulman's Affidavit and Plaintiff's emails identified Webuy Hosts Inc. as the company being sold and support the conclusion that the APA was between Plaintiff and Webuy Hosts Inc.

8. Moreover, a review of the newly submitted APA reveals an ambiguity in the contract language.

    a. The APA's Exhibit B – Assignment and Assumption Agreement - identifies All Reseller as a company incorporated in Colorado. (Exhibit B to Plaintiff's Reply.)   Page 1 of the APA, however, identifies All Reseller, Inc. as a company incorporated under the laws of the State of Washington. We Buy Hosts, however, is the only company incorporated in Washington.  Thus, an ambiguity exists in the contract as to the identity of the company identified as the selling the business.

    b. Further, Page 1 of the APA, Section 1.1.2 identifies the domain name of allreseller.com and webuyhosts. Id.  In addition, the APA's Exhibit A also identifies the domain names of webuyhosts and allreseler.com. Id.  Thus, Plaintiff's citation to the inclusion of reseller's domain name in the APA is meaningless.

The inconsistencies in the APA also raises an ambiguity in the contract as to the meaning of Reseller.

9. Under Colorado contract law, an ambiguity in the contract permits the use of extrinsic evidence. Stroh, 935 F.Supp.2d at 1060.

WHEREFORE, Defendants move this Court for an Order denying Plaintiff's Motion to Dismiss.

DATED:       April 25, 2014.

THE LAW OFFICE OF DAMIAN STONE
S/ Damian Stone
Damian S. Stone, Reg. No. 34587
3570 E. 12th Avenue, Suite 200
Denver, Colorado   80206
Telephone:  (720) 684-4371
*Attorney for Plaintiff – Filed Electronically*

## CERTIFICATE OF SERVICE

*Served on via ECF and addressed to the following:*

*Attorneys for Netfronts, Inc.*

Ryan Warren, Esq.
Thomas Wagner, Esq.
Polsinelli PC
1515 Wynkoop, Suite 600
Denver, CO 80202

☐ Fax   ☐ Mail   ☐ Delivery   ☒ ECF

/s/ Damian Stone
3570 E. 12th Avenue, Suite 200
Denver, Colorado 80206
720-684-4371